UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALBERTO VARGAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. ED CV 13-1656-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Alberto Vargas ("Plaintiff") appeals the decision of the Administrative Law Judge ("ALJ") denying his application for Supplemental Security Income ("SSI") benefits. The Court concludes that the ALJ gave specific and legitimate reasons for rejecting the opinion of Plaintiff's treating psychiatrist. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

　　　Plaintiff filed his application for SSI benefits on May 14, 2010, alleging disability beginning March 6, 2010. In an unfavorable decision, the ALJ found that Plaintiff had a severe impairment relating to his status following lumbar

fusion surgery after injuries suffered in an automobile accident. Administrative Record ("AR") 11. The ALJ concluded, however, that Plaintiff retained the residual functional capacity to perform medium work with certain additional physical limitations. AR 14. The ALJ then concluded that Plaintiff was not disabled because he could perform his past relevant work as a cashier as actually performed by Plaintiff and as generally performed in the regional and national economies despite his impairment. AR 19.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in rejecting the opinion of Plaintiff's treating psychiatrist. See Joint Stipulation ("JS") at 2-3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or

reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

Plaintiff's treating psychiatrist, Dr. David Aryanpur, began treating Plaintiff in November 2010. AR 392. Dr. Aryanpur diagnosed Plaintiff with major depression and post-traumatic stress disorder ("PTSD") stemming from Plaintiff's involvement in a March 2010 car accident in which he was injured and his friends were killed. AR 408-10. In a January 10, 2012 report, Dr. Aryanpur observed that Plaintiff had insomnia, decreased energy, anxiety, panic episodes, and was tearful. AR 392. Dr. Aryanpur also found that Plaintiff had symptoms of apathy and social withdrawal. Id. Dr. Aryanpur opined that Plaintiff could not maintain a sustained level of concentration, sustain repetitive tasks for an extended period, adapt to new situations, interact appropriately with strangers, or complete a 40-hour work week without decompensating. Id. He concluded that "depression and PTSD preclude gainful employment." Id.

The ALJ indicated that he had considered but "given little weight" to Dr. Aryanpur's January 2012 opinion. AR 13. The ALJ noted that "Dr. Aryanpur provides no explanation for his assessment." Id. The ALJ also noted that Dr. Aryanpur's most recent examination of Plaintiff in November 2011 revealed that his thought processes were "normal" and "goal-directed." Id. (citing AR 394). Additionally, the ALJ made note of the fact that Dr. Aryanpur found in November 2011 that Plaintiff's judgment was within normal limits and that he was responding well to his medication. Id. (citing AR 394). Finally, the ALJ noted that the consulting examiner found that Plaintiff had nothing more than mild limitations related to his depression and PTSD. Id. (citing AR 368-71).

3

Plaintiff argues that, had the ALJ credited Dr. Aryanpur's opinion, he would be unable to perform his past relevant work and would therefore be found disabled. JS at 4. Plaintiff contends that he would not be able to perform his past relevant work as a cashier because that job is inconsistent with Dr. Aryanpur's opinion that Plaintiff could not interact appropriately with strangers, and he would be unable to perform his past work as a mixing machine operator because that job is inconsistent with Dr. Aryanpur's conclusion that Plaintiff could not sustain repetitive tasks. Id.

An ALJ should generally give more weight to a treating physician's opinion than to opinions from non-treating sources. See 20 C.F.R. § 404.1527(d)(2); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830. However, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The factors to be considered by the adjudicator in determining the weight to give a medical opinion include: "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. Orn, 495 F.3d at 631-33; 20 C.F.R. §§ 404.1527(d)(2)(i)-(ii), 416.927(d)(2)(i)-(ii).

The ALJ properly considered Dr. Aryanpur's opinion and did not err in failing to give it controlling weight. First, Dr. Aryanpur did not provide any explanation for his findings of extreme mental limitations and his opinion that Plaintiff could not sustain a 40-hour work week without decompensating. AR 13. The January 2012 opinion is a one-page report in which Dr. Aryanpur

4

merely checked off preprinted choices and did not provide any elaboration or explanation for his opinions. Thus, it was reasonable for the ALJ to refuse to give significant weight to this opinion. See Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions").

The ALJ also rejected Dr. Aryanpur's opinion because it was inconsistent with his own examination notes. AR 13. As noted by the ALJ, Plaintiff's November 2011 mental status examination revealed that Plaintiff's "thought processes were normal and goal directed"; "[h]is judgment was also within normal limits"; and "his affect was appropriate." Id. (citing AR 394). The ALJ also noted that Plaintiff was "responding well to his medication." Id. Thus, given Plaintiff's essentially normal examination and apparent improvement, there does not appear to be any medical support for Dr. Aryanpur's conclusion two months later that Plaintiff was completely unable to work. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (upholding ALJ's rejection of physician's opinion that claimant could stand or walk for only 15 minutes at a time where the physician's notes taken on the same day contradicted the opinion).

Plaintiff argues that the ALJ's emphasis on a single examination record which found that Plaintiff's mental status was improving fails to properly consider the longitudinal history of Plaintiff's mental illness. JS at 5. But it was reasonable for the ALJ to look to Dr. Aryanpur's most recent examination to see whether his symptoms had improved and whether the limitations provided in Dr. Aryanpur's opinion were presently substantiated; after all, Plaintiff's depression and PTSD appear from the record to have been linked to the emotional trauma caused by the March 2010 car accident, not a lifelong struggle with mental illness. The fact that Dr. Aryanpur noted that Plaintiff's condition was much improved and that his medications appeared to be

working is substantial evidence to support the ALJ's decision to give little weight to Dr. Aryanpur's January 2012 opinion. Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."). Moreover, even if the Court assumes that the ALJ erred here, any error would be harmless because the other reasons given by the ALJ for rejecting Dr. Aryanpur's opinion were supported by substantial evidence in the record. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context.") (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)).

  The ALJ also gave less weight to Dr. Aryanpur's opinion because it was contradicted by the opinion of the consultative examining psychiatrist, Dr. Sharmin Jahan. AR 13. As noted by the ALJ, Dr. Jahan's psychiatric evaluation of Plaintiff "revealed normal findings with no problems with memory and concentration." AR 13 (citing AR 368-71). Dr. Jahan opined that Plaintiff was not impaired in his ability to understand and follow simple as well as complex and detailed instructions and was only mildly impaired in the ability to interact with coworkers and supervisors. AR 371. The ALJ properly gave "great weight" to Dr. Jahan's opinion because it was supported by Dr. Jahan's own examination of Plaintiff and by the objective medical evidence as a whole. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (nontreating physician's opinion constituted substantial evidence where it was supported by "objective clinical tests"). Similarly, the state agency reviewing psychiatrists also determined that Plaintiff had only mild impairments in mental functioning and was therefore not disabled, consistent with Dr. Jahan's opinion. AR 14 (citing AR 363-65, 372-79).

///

In sum, the ALJ provided specific and legitimate reasons for rejecting Dr. Aryanpur's opinion, each of which was supported by substantial evidence in the record, and Plaintiff is therefore not entitled to relief.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: August 28, 2014

**DOUGLAS F. McCORMICK**
_____
DOUGLAS F. McCORMICK
United States Magistrate Judge